FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 08 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| LILA NATH MUDBHARI, | No. 06-72655 |
| Petitioner, | Agency No. A98-130-494 |
| v. | |
| ERIC H. HOLDER, JR.,** Attorney General, | MEMORANDUM * |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 5, 2010***
San Francisco, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\**      Eric H. Holder, Jr. is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

\***      The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)

\****      The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

Before: RYMER and N.R. SMITH, Circuit Judges, and LEIGHTON, District Judge

Lila Nath Mudbhari, a native and citizen of Nepal, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

We review the BIA's order because it conducted a de novo review of the record and made an independent determination about whether relief was appropriate. *See Molina-Morales v. INS*, 237 F.3d 1048, 1050 (9th Cir. 2001). We review the BIA's factual findings for substantial evidence, and may reverse only if the evidence compels such a result. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992). We deny the petition for review.

Substantial evidence supports the BIA's conclusion that the Maoist rebels' demands for money and threats against Mudbhari were not on account of his political opinion. *See Sangha v. INS*, 103 F.3d 1482, 1490-91 (9th Cir. 1997). Accordingly, Mudbhari's past persecution and well-founded fear of future persecution claims are unpersuasive. *See id.*; *see also Njuguna v. Ashcroft*, 374 F.3d 765, 770 (9th Cir. 2004).

Because Mudbhari did not establish his eligibility for asylum, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal. *See Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

Lastly, we decline to consider the BIA's denial of Mudbhari's CAT claim because he failed to raise any challenge to it in his opening brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

**PETITION FOR REVIEW DENIED.**